**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSEPH ALAN EMANS,
Plaintiff,
v.
Tyler Hackworth, *et al.*,
Defendants.

Case No. 2:25-cv-03529-CV-ACCV

**ORDER DISMISSING COMPLAINT**

## I. BACKGROUND

On April 21, 2025, Plaintiff Joseph Alan Emans ("Plaintiff"), proceeding *pro se*, filed a Complaint, under 42 U.S.C. § 1983, against Deputy Sheriff Tyler Hackworth and Sheriff Jim Fryhoff in their individual and official capacities, and against Dr. Heather Huffmen Dracht. (Dkt. 1.) On May 29, 2026, the Court dismissed the Complaint with leave to amend and, in pertinent part, ordered Plaintiff to file an amended complaint no later than 30 days from the date of the Order. (Dkt. 9 at 11.)

On July 6, 2026, Plaintiff filed a document which the Court construed as a request for an extension of time to file his First Amended Complaint, as well as a request for a "gag order" and various restrictions regarding California Department

of Corrections and Rehabilitation case viewing and electronic surveillance ("Request"). (Dkt. 10.) The Court granted in part Plaintiff's Request and ordered that Plaintiff shall file his First Amended Complaint on or before fourteen (14) days from the date of the Order. (*Id.* at 1–2.) The Court stated that **"[n]o further extensions of time will be granted absent extraordinary circumstances. Failure to file the First Amended Complaint by the deadline may result in the dismissal of this action for failure to prosecute and failure to comply with court orders.**" (*Id.* at 2 (emphasis in original).)

Plaintiff did not file an amended complaint by the deadline. As of the date of this Order, Plaintiff has not responded to the July 17, 2026 order and has not contacted the Court.

## II. DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.").

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Plaintiff has not filed a response to the Court's July 17, 2026 order,

and has not requested an extension of time to do so. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* Dkts. 9; 11.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of dismissal. (*See* Dkt. 11 at 2.)

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

## III. ORDER

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: November 2, 2026

Cynthia Valenzuela
HONORABLE CYNTHIA VALENZUELA
United States District Judge

Presented by:

______________________________

ANGELA C. C. VIRAMONTES
United States Magistrate District Judge